UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER DEMITRY,<br><br>              Plaintiff,<br><br>   v.<br><br>MACKENZIE ROSMAN,<br><br>              Defendant. | Civil Action No. 23-3780 (JMC) |

## MEMORANDUM OPINION

Pro se Plaintiff Christopher Demitry filed a civil complaint against Defendant Mackenzie Rosman, alleging unspecified violations of his civil rights. For the reasons discussed in greater detail below, the Court **DISMISSES** the complaint.

### I. Background

On December 20, 2023, Christopher Demitry filed a Complaint alleging "[p]hysical damage and lasting psychological impacts" and naming 7th Heaven's lead actress—Mackenzie Rosman—as the sole defendant. ECF 1 at 1. Demitry's complaint covers a range of topics: his kindergarten education, *id.* at 1, his guilt over biting Rosman, *id.* at 2–3, run-ins with the FBI, Secret Service, and CIA, *id.* at 4–5, his belief that he is the secret son of Israeli military officer Yonatan Netenyahu, *id.* at 5, and how he discovered Rosman is his long-lost sister, *id.* at 4. Demitry seeks no damages but only that the Court "help [him] get the truth to Mackenzie." *Id.* at 6. Defendant has not yet responded to Plaintiff's complaint.

### II. Analysis

Federal Rule of Civil Procedure 8(a) requires civil complaints to include "a short and plain statement" of the court's jurisdiction and the "claim showing that the pleader is entitled to relief."

1

It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure. Demitry's complaint fails to do so. The complaint does not supply any statement of the Court's jurisdiction or the claim that entitles him to relief, much less a short and plain statement of either. *See* ECF 1. Even construing Demitry's complaint liberally, the Court cannot make out his theory of how Rosman violated his civil rights or any other law.

Demitry's complaint is therefore dismissed for failure to comply with FRCP 8(a). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. Washington Metropolitan Area Transit Authority*, 164 F. Supp. 3d 33, 35 (D.D.C. Feb. 5, 2016) (dismissing a complaint *sua sponte* for failing to comply with FRCP 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court directs Demitry to review Rule 8 of the Federal Rules of Civil Procedure. If he believes that he has a case that can be brought in Federal Court, he may file a complaint that comports with the Federal Rules.

### III. Conclusion

Plaintiff's complaint is **DISMISSED**.

**SO ORDERED.**

DATE: December 22, 2023

_____
JIA M. COBB
U.S. District Court Judge
